Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OUMOU FOFANA-LUND,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CAESARS ENTERPRISE SERVICES, LLC, a Delaware Limited Liability Company,<br><br>                    Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br>2. PREGNANCY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT<br>3. RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND TITLE VII OF THE CIVIL RIGHTS ACT<br><br>JURY DEMAND |

Plaintiff OUMOU FOFANA-LUND ("Plaintiff" or "Fofana-Lund") alleges as follows:

1.   This action is brought pursuant to the Americans With Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA") and the Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII").

///

1

2. Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

3. At all relevant times, CAESARS ENTERPRISE SERVICES, LLC, a Delaware Limited Liability Company (hereinafter "Defendant" or "CES") employed 20 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA and Title VII.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Fofana-Lund, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant CES.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on January 5, 2017, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8. On or about April 6, 2015, Plaintiff was hired by Defendant as a SOX Analyst.

9. Plaintiff found out that she was pregnant with her third child on or about February 4, 2016. Shortly thereafter in February she informed her manager Keisha Lassiter and Vice President Ruben Stein about the pregnancy.

10. On or about April 27, 2016, Fofana-Lund was involved in a car accident in which she was rear-ended. Although she was pregnant at the time, her baby was okay but Plaintiff was

diagnosed with seizures after having three episodes of seizures after the accident.

11. Her doctor medically certified that Fofana-Lund could continue to work but was unable to drive for three months. This accommodation was also needed because of her pregnancy which was a high risk pregnancy.

12. Thereafter on or about June 10, 2016 Fofana-Lund commences work as a Staff Accountant.

13. Plaintiff requested to be reasonably accommodated by working from home so she would not have to drive. This request was made initially to her manager Lassiter.

14. This request was denied by CES although they approved two other accommodations: (1) to reimburse Fofana-Lund for Uber/Lyft transportation to and from the office or (2) an unpaid leave of absence.

15. Initially Fofana-Lund refused either of these accommodations because she knew of other similarly situated employees who were allowed to work from home (ie. Launa Mulikin/senior accountant, Brad Ferris/White and Britt LNU), at least on a short term basis. She also did not have the money at the time to front to take Uber/Lyft and get reimbursed.

16. She instead initial had her husband take her to and from work or took the bus.

17. Taking the bus did not present an idea situation for Plaintiff because she was pregnant and many times had to sit in the hot sun waiting for the bus so Fofana-Lund eventually started taking Uber/Lyft.

18. Once in her new position as Staff Accountant Plaintiff also requested an ergonomic chair or work station and a foot rest to help with her pregnancy but these requests were denied.

19. Plaintiff continued to request to work from home through Human Resources Director Ronda Fraley but her requests continued to be denied.

20. Finally Fofana-Lund receive an e-mail to come to human resources at 1 p.m. on August 8, 2016 at which time she was told that this would be her last day and she was abruptly terminated.

21. Plaintiff was given two empty boxes and told to pack up her things and she was escorted off the premises by security in front of all her then former co-workers. Fofana-Lund was given no reason for her termination.

## **FIRST CAUSE OF ACTION**

### **(For Disability Discrimination and Failure to Accommodate in Violation of the ADA)**

22. Plaintiff Fofana-Lund incorporates the allegations set forth in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. As set forth hereinabove, Plaintiff was involved in an auto accident on April 27, 2016 and thereafter experienced seizures which substantially limited her in the major life activity of working, among other major life activities, and thus qualified Fofana-Lund as disabled under the ADA.

24. Because of the seizures, Plaintiff's doctor restricted her from driving for three months.

25. Plaintiff requested to be reasonably accommodated during this period by working from home so she would not have to drive, but CES denied this accommodation. Defendant approved two accommodations: (1) to reimburse her for Uber/Lyft transportation to and from the office or (2) an unpaid leave of absence.

26. Initially Fofana-Lund refused either of these accommodations because she knew of other similarly situated employees who were allowed to work from home (ie. Launa Mulikin/senior accountant, Brad Ferris/White and Britt LNU), at least on a short term basis. She also did not have the money at the time to front to take Uber/Lyft and get reimbursed.

27. She instead initial had her husband take her to and from work or took the bus.

28. Taking the bus did not present an idea situation for Plaintiff because she was pregnant and many times had to sit in the hot sun waiting for the bus so Fofana-Lund eventually started taking Uber/Lyft.

29. Plaintiff continued to request to work from home but her requests continued to be denied.

30. Finally on August 8, 2016 Fofana-Lund was abruptly terminated.

31. Fofana-Lund believes, alleges and will prove at trial that CES failed to reasonable accommodate Plaintiff's disability and ultimately terminated her because of the disability in violation of the ADA.

32. As a direct, foreseeable, and legal result of the Defendant's disability discrimination and failure to accommodate Plaintiff's disability, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

33. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination and failure to accommodate Plaintiff's disability, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

34. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

35. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

36. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

## SECOND CAUSE OF ACTION

## (For Pregnancy Discrimination and Failure to

## Accommodate in Violation of the Title VII)

37. Plaintiff Fofana-Lund incorporates the allegations set forth in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. This cause of action is brought pursuant to Title VII to obtain relief for Plaintiff for terminating her, or otherwise discriminating against her in the terms, conditions or privileges of her employment, including failing to provide reasonable accommodations for her pregnancy, because of sex or on the basis of sex in violation of *42 USC §2000e-2(a)(1)*.

39. Pursuant to *42 USC §2000e(k),* "[T]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or medical conditions shall be treated the same for all employment-related purposes…..".

40. As set forth above Plaintiff became pregnant while working for CES and informed her manager Lassiter and Vice President Stein about the pregnancy in February of 2016.

41. Thereafter, Plaintiff requested to work from home and when this request was denied, Fofana-Lund requested an ergonomic chair or work station and a foot rest which was also denied.

42. On August 8, 2016, Plaintiff's employment with Defendant was abruptly terminated.

43. Plaintiff believes, alleges, and will prove at trial that CES terminated her because of Plaintiff's pregnancy and failed to provide accommodation for her pregnancy in violation of the Title VII of the Civil Rights Act.

44. As a direct, foreseeable, and legal result of the Defendants' pregnancy discrimination and failure to accommodate, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

45. As a further direct, foreseeable, and legal result of the Defendant's pregnancy discrimination and failure to accommodate, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

46. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

47. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

48. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **THIRD CAUSE OF ACTION**

### **(For Retaliation in Violation**

### **of the ADA and Title VII)**

49. Plaintiff Fofana-Lund incorporates the allegations set forth in paragraphs 1 through 48, inclusive, as if fully set forth herein.

50. As set forth above, Plaintiff requested reasonable accommodation as a result of her auto accident and her pregnancy.

51. Her doctor told her she couldn't drive for three months and although Fofana-Lund wanted to be accommodated by being able to work from home like other similarly situated employees were allowed to do, at least on a limited basis, CES would not allow Plaintiff to work from home.

52. Instead Defendant agreed to reimburse Fofana-Lund for charges she incurred from taking Uber/Lyft transportation to and from the office or allow Plaintiff to take an unpaid leave of absence until she was able to drive.

53. Although Plaintiff eventually chose to take Uber/Lyft to and from the office, this was not her preferred accommodation, and the whole accommodation process created a hostile and adversarial working environment between Fofana-Lund and CES.

54. Fofana-Lund also requested an ergonomic chair or work station and a foot rest to accommodate her pregnancy, but this request was also denied.

55. Finally on August 8, 2016 Plaintiff was abruptly terminated.

56. Fofana-Lund believes, alleges, and will prove at trial that her termination was in retaliation for requesting reasonable accommodations as a result of injuries suffered in her auto accident and because of her pregnancy.

57. As a direct, foreseeable, and legal result of the Defendant's retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

58. As a further direct, foreseeable, and legal result of the Defendant's retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

59. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

60. Plaintiff claims the damages alleged herein, together with prejudgment interest as

provided by law, in a sum according to proof at trial.

61. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fofana-Lund demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA and Title VII;

2. Enjoining and permanently restraining the violations by Defendant of the ADA and Title VII;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  4/5/2017           LAW OFFICES OF MICHAEL P. BALABAN

                                               BY: /s/ Michael P. Balaban
                                                   Michael P. Balaban
                                                   LAW OFFICES OF MICHAEL P. BALABAN
                                                   10726 Del Rudini Street
                                                   Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Oumou Fofana-lund
3903 Crystal Trip Ct.
Las Vegas, NV 89129

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite-8112
Las Vegas, NV 89101

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 487-2010-01105
EEOC Representative: Byron D. Williams, Investigator
Telephone No.: (702) 388-5095

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Richard T. Burgamy,
Local Office Director

JAN 0 5 2017
(Date Mailed)

Enclosures(s)

cc: Caesars Enterprise Services, LLc c/o
Deverie Christensen
Jackson Lewis P.C.
3890 Howard Hughes Parkway
Suite 600
Las Vegas, NV 69169